UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LORITZA HEREDIA PAREDES
AS NEXT FRIEND OF
ANDY LABRADA ARGIBAY,                          Case No. 1:26-cv-1174

               Petitioner,                 Honorable Paul L. Maloney

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT et al.,

               Respondents.
_____/

**OPINION**

Loritza Heredia Paredes initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of Andy Labrada Argibay (Petitioner), a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan. (Pet., ECF No. 1.)[1] For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas

---

[1] Petitioner has also filed an emergency motion for immediate release or, in the alternative, for a bond hearing and request to maintain current custody location (ECF No. 2). Because the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice as set forth herein, Petitioner's pending motion is moot.

corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.2.)

In an order entered on April 15, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response on April 16, 2026. (ECF No. 7.)

## II.    Next Friend Status

As a preliminary matter, the Court must determine whether Loritza Heredia Paredes may proceed as "next friend" of Petitioner. A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf," known as a "next friend." 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted). Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

To act on a detainee's behalf, a putative next friend must demonstrate that the detainee is unable to prosecute the case on her own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The *Whitmore* Court noted that the next friend might demonstrate her dedication to the

"best interests" of the real party in interest by showing "some significant relationship" with that party. *Whitmore*, 495 U.S. at 164. The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court." *Id.* (citations omitted). Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56 (citation omitted). Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

In this action, reviewing the pleadings and attached documents, the Court concludes that Loritza Heredia Paredes, Petitioner's wife, has satisfied the foregoing requirements. Accordingly, the Court will permit Loritza Heredia Paredes to proceed as next friend to Petitioner.

### III.    Factual Background

Petitioner is a native and citizen of Cuba who entered the United States in 2022 without inspection. Op., *Labrada-Agribay v. Lynch*, No. 1:25-cv-1448 (W.D. Mich Dec. 2, 2025) (ECF No. 6). On September 24, 2025, ICE agents arrested Petitioner. *Id.*

Petitioner filed his first § 2241 petition in this Court on November 13, 2025, in *Labrada-Agribay*. On *Labrada-Agribay*, the Court conditionally granted Petitioner's petition for a writ of

3

habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Labrada-Agribay*, No. 1:25-cv-1448 (W.D. Mich Dec. 2, 2025) (ECF No. 6, 7).

On December 8, 2025, Petitioner received a bond hearing pursuant to § 1226(a). Bond Order, *Labrada-Agribay*, No. 1:25-cv-1448 (W.D. Mich Dec. 9, 2025) (ECF No. 8-1). At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Respondent is a flight risk as he has an Order of Removal from the United States with any appeal due by December 31, 2025." *Id.*

While Petitioner's first § 2241 case was pending, on December 1, 2025, an Immigration Judge ordered Petitioner removed to Cuba. (Removal Order, ECF No. 7-1, PageID.135.) Petitioner filed an appeal of that decision, which remains pending. (Filing Receipt for Appeal, ECF No. 7-2, PageID.138.)[2]

Petitioner subsequently sought a second custody redetermination hearing (Motion for Custody Redetermination, ECF No, 7-3, PageID.142–147), which was denied by the Detroit Immigration Court on February 11, 2026 (Feb. 2, 2026, Order, ECF No. 7-4, PageID.149.)

## IV.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue

---

[2] Petitioner is not subject to a final order of removal and, with it, mandatory detention under 8 U.S.C. § 1231(a)(2)(A). For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**V.     Discussion**

In Petitioner's present § 2241 petition, as relief, Petitioner asks the Court to order Respondents to conduct a bond hearing or, alternatively, to release Petitioner from custody. (Pet., ECF No. 1, PageID.2.) Prior to initiating this action, Petitioner had a bond hearing in the Detroit Immigration Court, and on December 8, 2025, the Immigration Judge denied Petitioner's request for bond. Bond Order, *Labrada-Agribay*, No. 1:25-cv-1448 (W.D. Mich Dec. 9, 2025) (ECF No. 8-1).

Although in the present § 2241 petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the December 2025 bond hearing. (*See generally* Pet., ECF No. 1.) Indeed, Petitioner's § 2241 petition does not mention the December 2025 bond hearing. (*See id.*) Under these circumstances, because Petitioner received a bond hearing, which is the relief that he seeks in his § 2241 petition, and Petitioner does not raise any claims regarding the bond hearing itself in the present action, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[3]

---

[3] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the December 2025 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:   April 28, 2026                              /s/ Paul L. Maloney
                                                                     Paul L. Maloney
                                                                     United States District Judge